### NICKLAS v. OLVEY.

Opinion delivered June 23, 1930.

34

*Powell, Smead & Knox,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the drilling contract constituted a partnership between Olvey and Clark, and that he was entitled to recover the costs of making the abstracts against the partnership and Olvey as a member thereof, and that the court erred in not so holding under the authority of *Stephens* v. *Neeley,* 161 Ark. 114, 255 S. W. 562, 45 A. L. R. 1236, and the tests as prescribed in 20 R. C. L. 823-33.

The intention of the parties is to be arrived at from their contract entered into for the drilling of the test well, and there appears to be no ambiguity about it. The leases were held by Clark, the party of the first part, and he was bound as a consideration for their procurement to have the test well drilled upon the block of acreage acquired by lease. He had already had certain abstracts of title made by appellant, and, after the drilling contract was entered into, he only directed that others be made, it being conceded by appellant that no directions were given him about the making of abstracts or suggestions for payment therefor by Olvey, nor were any of the abstracts delivered to Olvey. It is obvious from the terms of the contract that it was the intention of the parties only to have the test well drilled, which was to be done at the actual cost of the party of the second part, the contract providing how the money should be realized to pay therefor by the selling of the leases by Clark or by Olvey in the event of Clark's failure to procure sufficient money to pay the expenses as the drilling progressed. It was not contemplated by the parties, nor provided in the contract that drilling operations would be continued and oil produced after the test well was finished, in case it should be a producer, without further agreement, the second party only being given an option of drilling any additional wells on the 80-acre tract at the then prevailing prices for drilling wells. In other words, the parties did not contemplate a partnership in the making of the contract or any further oil development after the test well came in a producer under the terms of the contract, which provided, in effect, as the lower court correctly held, but a means of compensation or method of payment to appellee Olvey for drilling the test well. *Stone* v. *Riggs,* 163 Ark. 211, 259 S. W. 412; *Mehaffy* v. *Wilson,* 138 Ark. 281, 211 S. W. 148.

The letter from Olvey to Clark, reciting that the costs of abstracts and other expenses incident to clearing the titles "should be considered a part of the costs incident

to the drilling of said well and may be paid out of funds raised to defray the costs of drilling,'' expressly recited that ''no charge is to be made for any services rendered in connection with the work on titles to any of the lands included in the block of acreage covered by said contract.'' This expressly negatives any inference of liability for abstracts made to the lands included in the block of acreage contracted about where the test well was to be drilled and, although it recites that there was an agreement between these parties that the costs of certain abstracts should be considered a part of the costs incident to the drilling of the test well that could be paid out of the funds raised to defray the costs therefor, it was not made to nor with appellant or for his benefit, and, in addition, there were no funds on hand raised as provided out of which this cost could be paid, and, there being no partnership, appellant was not entitled to recover such costs against appellee, Olvey, herein.

We find no error in the record, and the judgment is affirmed.